Janet Lynn LEWIS, Appellant,

v.

James Welton JOHNSON, Jr., Appellee.

No. B2175.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1979.

Carnegie H. Mims, Jr., Jefferson & Maley, John W. Wiggins, Sr., Henderson, Wiggins & Adams, Houston, for appellant.

Harry L. Tindall, Tindall & Foster, Houston, for appellee.

Before COULSON, JUNELL and SALAZAR, JJ.

JUNELL, Justice.

This is a paternity suit filed pursuant to Tex.Fam.Code Ann. § 13.01 et seq. (Vernon Supp.1978–1979), hereinafter called the Code. Janet Lynn Lewis (appellant or plaintiff) filed suit against James Welton Johnson, Jr. (appellee or defendant) to establish the paternity of Marcus Jamez Lewis, a minor child born out of wedlock. Plaintiff alleged that defendant is the father of the child. Defendant filed a general denial. The case was tried before the court without a jury. The trial began and some evidence was heard on December 5, 1978, following which the trial was recessed. On February 6, 1979, the trial resumed, and on that same date both parties completed the presentation of all evidence and rested their cases. After arguments of counsel the court ruled that defendant is not the father of the child.

Plaintiff appeals claiming trial court errors (1) in appointing only one expert to make blood tests; (2) in not conducting a

pretrial conference; (3) in trying the case on two separate days, two months apart; and (4) in finding, contrary to the overwhelming weight and preponderance of the evidence, that defendant is not the father of the child.

We find no error in the matters complained of; therefore, we affirm.

The Code in section 13.02 provides that the court shall order the parties to submit to blood tests; and at the time pertinent to this case section 13.03 provided that the court may appoint two or more experts to conduct such tests. By an order approved as to substance and form by appellant and appellee the trial court appointed one expert. Appellant did not request the court to appoint two or more experts and did not object or except to the court's appointment of one. The appointed expert did the blood tests and reported that the tests did not exclude the appellee from being the father of the child.

Section 13.04 of the Code provides that the court shall conduct a pretrial conference after completion of the blood tests. There is no record that a pretrial conference was held.

Appellant contends that the provisions of sections 13.03 and 13.04 of the Family Code are mandatory and the trial court's failure to obey them requires a reversal. We disagree.

It is clear from the various subdivisions of Chapter 13 that elimination of paternity claims having no possible merit is an important protection of innocent persons wrongfully accused of paternity.

However, in this case blood tests done by one expert proved appellee's possible paternity; and the trial court proceeded to try the case on its merits. Blood tests by another expert and a pretrial conference could not have resulted in additional benefit to appellant. If the trial court erred in appointing only one expert and in failing to conduct a pretrial conference, such errors were harmless under Tex.R.Civ.P. 434 and do not require reversal.

Appellant next urges error by the trial court in conducting the trial on two separate days, two months apart. We find no merit in this point.

A court has much discretion in the disposition of its dockets. 56 Tex.Jur.2d *Trial* § 10 (1964). The non-jury docket shall be taken up at such times as to not interfere unnecessarily with the dispatch of business on the jury docket. Tex.R.Civ.P. 249; 56 Tex.Jur.2d *Trial* § 12 (1964). After a trial has actually been commenced, if a postponement to a future date becomes necessary, the court properly may take up and dispose of another case during the interval. 56 Tex.Jur.2d *Trial* § 17 (1964).

There is no showing here that the trial court abused its discretion in trying the case as it did. Also, there is no proof that harm probably resulted therefrom. Furthermore, appellant did not object or except to the trial court's action in this respect. For all of these reasons this point is overruled.

Finally, appellant contends that the trial court's finding that appellee is not the father of the child is contrary to the overwhelming weight and preponderance of the evidence. We have carefully considered all of the evidence and overrule this point.

Affirmed.